No. 93,995

In the Matter of STEVEN L. ISLAS, *Respondent.*

112 P.3d 210

Opinion filed June 3, 2005.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for the petitioner.

*J. Larry Linn,* of Wichita, argued the cause, and *Steven L. Islas,* respondent, appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Steven L. Islas, of Wichita, an attorney admitted to practice law in Kansas.

The formal complaint filed against respondent alleges violations of KRPC 8.4(b) and (c) (2004 Kan. Ct. R. Annot. 485) (misconduct), KRPC 1.2 (2004 Kan. Ct. R. Annot. 350) (scope of representation), 1.4(a) (2004 Kan. Ct. R. Annot. 367) (communication). Respondent filed an answer admitting the violations alleged in Count I and denying the violations set out in Count II.

A hearing before the panel of Kansas Board for Discipline of Attorneys was held on December 9, 2004, in Topeka, Kansas. Respondent appeared in person and through counsel, Larry Linn.

The final hearing report of the panel makes the following findings of fact, conclusions of law, and recommendations to this court:

FINDINGS OF FACT

COUNT I

"2. On approximately June 20, 2002, the Respondent reported, through his attorney, Larry Linn, that he had been charged in the Sedgwick County District Court in case number 02CR1535 with three (3) nonperson felonies. In addition, the Respondent was also charged with a misdemeanor. The charges included: two counts of making a false information, making a false application for a driver's license, and driving while suspended.

"3. On March 20, 2003, a jury convicted the Respondent as charged.

"4. The Respondent appealed his conviction to the Kansas Court of Appeals, case number 03-90856-A. After receiving a stipulation filed by the parties, on

April 6, 2004, the Court dismissed the case. Thereafter, on April 9, 2004, the Court issued its mandate and directed that the sentence be executed.

"5.    On June 18, 2003, because the Respondent had been convicted of a felony crime and pursuant to Kan. Sup. Ct. R. 203, the Kansas Supreme Court temporarily suspended the Respondent from the practice of law, pending the final disposition of the disciplinary proceedings.

"6.    Prior to the hearing on this matter, the Respondent filed a motion to set aside the temporary suspension. After consideration, the Court denied the Respondent's motion."

## COUNT II

"7.    In 2002, Jamie Young retained the Respondent to assist him with a post-divorce child custody and support matter. At the time Mr. Young retained the Respondent he was obligated to pay $237.00 in monthly child support.

"8.    On July 31, 2002, the Respondent filed a motion for change of custody in behalf of Mr. Young. The Respondent scheduled a hearing on the motion for August 12, 2002. The hearing on the motion was continued to January 17, 2003.

"9.    On approximately December 15, 2002, and continuing to approximately March 15, 2002, Mr. Young was laid off of work. As a result, Mr. Young requested that the Respondent file a motion to reduce child support during that period of time.

"10.    On December 18, 2002, the Respondent filed a motion for reduction in child support and confirmation of income tax dependency exemption in behalf of Mr. Young. While it appears that the Respondent scheduled a hearing on the motion for December 23, 2002, there is nothing in our record establishing what occurred on December 23, 2002.

"11.    It appears that both of the motions filed by the Respondent were to be taken up by the Court on January 17, 2003. However, prior to the hearing, the Respondent withdrew the motion to change custody and settled the child support issue with opposing counsel. The Respondent was ordered to prepare an order reflecting the agreement of the parties. The Respondent failed to do so.

"12.    Because the Respondent failed to prepare the order reflecting the agreement of the parties from the January 17, 2003, hearing, and because Mr. Young had not made a child support payment since January 11, 2003, on April 12, 2003, opposing counsel filed a motion to settle journal entry, a motion for payment of back child support, and a motion to reinstate previous child support amount. Opposing counsel scheduled the hearing for April 29, 2003. The Respondent did not inform Mr. Young that the motion had been filed or that the hearing had been scheduled.

"13.    The Respondent and opposing counsel entered an agreement, settling the issues pending before the Court. The Court directed opposing counsel to draft an order reflecting the agreement of the parties. Thereafter, the Respondent signed the order prepared by opposing counsel.

"14. The Respondent did not discuss the matter with Mr. Young prior to entering the agreement with opposing counsel. Additionally, the Respondent did not discuss the matter with Mr. Young prior to signing the order prepared by opposing counsel. As a result of the Respondent's agreement with opposing counsel, Mr. Young's child support increased from $237.00 to $724.00.

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.4, KRPC 8.4(b), and KRPC 8.4(c), as detailed below.

"2. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to keep Mr. Young advised regarding the status of the post-divorce matters. The Respondent failed to inform Mr. Young that he received a motion from opposing counsel in April, 2003. The Respondent failed to inform Mr. Young that the motion was scheduled for hearing. The Respondent failed to inform Mr. Young that he reached an agreement with opposing counsel regarding the motion filed in April, 2003. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"3. Kan. Sup. Ct. R. 202 details the 'grounds for discipline,' in pertinent part, as follows:

> 'A certificate of a conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment. . . .'

'*Id.* (emphasis added). Accordingly, when an attorney is convicted of a crime, a 'certificate of conviction' is conclusive evidence of the commission of the crime in disciplinary proceedings. In this case, the jury found the Respondent guilty of three felony crimes and one misdemeanor crime. Based upon Kan. Sup. Ct. R. 202, the Hearing Panel concludes that the Respondent made two false writings, made a false application for a driver's license, and drove when his license to do so had been revoked.

"4. 'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). The Respondent violated this rule when he committed the acts which gave rise to his convictions for making false writings and making a false application for a driver's license. Thus, the Hearing Panel concludes that the Respondent violated KRPC 8.4(b).

"5. 'It is [also] professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The Respondent engaged in dishonest conduct when he informed the Department

that in the last three years he had not experienced or been treated for any blackout spells, dizzy spells, epilepsy seizures, or loss or alteration of consciousness. Accordingly, the Hearing Panel concludes that by providing false information to the Department, the Respondent 'engage[d] in conduct involving dishonesty, fraud, deceit or misrepresentation,' in violation of KRPC 8.4(c)."

The hearing panel did not find a violation of KRPC 1.2.

## RECOMMENDATION

The panel applied the ABA Standards for Imposing Lawyer Sanctions and pursuant to Standard 3, the panel considered the following factors:

"*Duty Violated.* The Respondent violated his duty to the legal profession to maintain personal integrity. Additionally, the Respondent violated his duty to his client to provide adequate communication.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury. The Respondent's dishonest conduct and criminal convictions tarnished the reputation of the legal profession. Mr. Young incurred additional attorney fees in getting the May 20, 2003, order amended.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on two occasions. On June 12, 1997, the Disciplinary Administrator's office informally admonished the Respondent for having violated KRPC 1.3. Then, on January 22, 1999, the Kansas Supreme Court ordered that the Respondent be indefinitely suspended from the practice of law for having violated KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 8.4(d), and Kan. Sup. Ct. R. 207. The Court, however, granted the Respondent probation from the indefinite suspension. *In re Islas*, 266 Kan. 679, 687, 972 P.2d 764 (1999). On April 25, 2001, the Respondent was released from probation after having successfully completed the plan of probation. *In re Islas*, 271 Kan. 310, 23 P.3d 801 (2001).

"Dishonest or Selfish Motive. The Respondent's misconduct was motivated by dishonesty. In attempts at initially keeping, and later reinstating, his license to drive, the Respondent provided false information to the Department on three occasions. The Respondent's misconduct was motivated by dishonesty and selfishness.

"Illegal Conduct. The Respondent engaged in illegal conduct when he provided false information to the Department on three occasions and when he drove when his license to do so had been revoked.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. The Respondent suffers from diabetes and is insulin dependent.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Wichita, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by three letters received by the Hearing Panel.

"Physical Disability. The Respondent suffers from diabetes and has for a number of years. The Respondent is insulin dependent and takes four injections daily.

"Imposition of Other Penalties or Sanctions. Following a trial by jury, the Respondent was convicted of three felony crimes and one misdemeanor crime. The Respondent served his sentence and the Court discharged the Respondent from probation.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Reprimand is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client.'

Standard 4.63. Thus, if the Respondent was before the Hearing Panel for only the complaint filed by Mr. Young, the Hearing Panel would, most likely, recommend that the Respondent be censured and that the censure be published in the Kansas Reports. However, the complaint filed by Mr. Young was not the only complaint considered by the Hearing Panel. The following Standards are appropriate to consider regarding the Respondent's misconduct in committing the criminal offenses.

"Disbarment is generally appropriate when:

'(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

'(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.'

Standard 5.11.

> 'Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.'

Standard 5.12.

> 'Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.'

Standard 7.1.

> 'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.'

Standard 7.2.

> "While the Respondent's convictions for making false writings, making a false application for a driver's license, and driving when his license was revoked, are serious, the Hearing Panel believes that indefinite suspension is the appropriate recommendation in this case. An indefinite suspension with the requirement that the Respondent undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219 should provide sufficient protection for the public, while, at the same time, providing the Respondent with a hope that he may be reinstated to the practice of law at some point in the future. The Hearing Panel recommends that the indefinite suspension not be retroactive to the date of the temporary suspension. Rather, the Hearing Panel recommends that the effective date of the indefinite suspension be effective the date the Court releases its opinion."

The respondent does not take exception to the panel's findings and recommendation of indefinite suspension. Respondent does take exception to the panel's recommended date for the commencement of the indefinite suspension.

We conclude that the panel's findings of fact established by clear and convincing evidence that the respondent violated KRPC 8.4(b) and (c) (2004 Kan. Ct. R. Annot. 485) and 1.4(a) (2004 Kan. Ct. R. Annot. 367). We agree with and adopt the panel's conclusions of law and recommendations.

IT IS THEREFORE ORDERED THAT Steven L. Islas be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion.

IT IS THEREFORE ORDERED that Steven L. Islas shall comply with Supreme Court Rule 218 (2004 Kan. Ct. R. Annot. 301) and in the event the respondent would seek reinstatement, he shall comply with Supreme Court Rule 219 (2004 Kan. Ct. Annot. 312).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

LOCKETT, J., Retired, assigned.